UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPER VITAMINAS, S. A., <br><br>Applicant. | Case No.17-mc-80125-SVK <br><br>**ORDER GRANTING SUPER VITAMINAS'S EX PARTE APPLICATION** <br><br>Re: Dkt. No. 1 |

Before the Court is an ex parte application by Super Vitaminas, S.A. ("Super Vitaminas") for an order to obtain discovery from Google, Inc. ("Google") and Microsoft Corporation ("Microsoft") for use in foreign criminal proceedings in Guatemala. On November 9, 2017, this Court ordered Super Vitaminas to provide supplemental briefing or evidence regarding the Stored Communications Act. ECF 6. On November 13, 2017, Super Vitaminas filed two declarations in further support of its application. ECF 7, 8. Having considered Super Vitaminas's brief and declarations, the Court GRANTS the application.

**I.      BACKGROUND**

Super Vitaminas is a Guatemalan company headquartered in Guatemala City. It is a franchisee of GNC, a U.S.-based global retailer of specialty health and wellness products, including vitamins, herbal supplements, sports nutritional products and diet products. Super Vitaminas imports these products from GNC through freight-forwarders for resale in Guatemala. Super Vitaminas has recently become the target of a criminal complaint and prosecution by Guatemalan taxing authorities alleging that the company failed to report and pay certain taxes on products imported in 2012. Super Vitaminas believes that information its former freight forwarder emailed the company in 2012 at the time of the imports will exonerate the company from the criminal charges. The freight forwarder sent the information to Super Vitaminas's employees,

Magdalena Herrera and Juan Roberto Castro, from a Microsoft Hotmail email account. Super Vitaminas's employees received the emails on their company Google Gmail accounts. Super Vitaminas no longer has access to these emails. ECF 4 at ¶ 4 (Declaration of Juan Miguel Martinez Lemus, IT Manager for Super Vitaminas). Super Vitaminas now seeks to obtain emails between its two employees and the freight manager from Google and Microsoft.

## II. LEGAL STANDARD

Super Vitaminas's application is brought pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ...upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court....To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of § 1782 is "to provide federal-court assistance in the gathering of evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that Section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (citation and internal quotation marks omitted).

A district court is authorized to grant a § 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also In re Republic of Equador*, No. C–10–80255–CRB (EMC), 2010 WL 3702427 at *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application

2

does not mean that it is required to do so." *In re Republic of Equador*, 2010 WL 3702427 at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a § 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Id.* (citing *Intel*, 542 U.S. at 264–65). It is both common and proper to conduct an *ex parte* process for a request to obtain an order authorizing discovery pursuant to § 1782. *Id.* (summarizing cases).

### III. DISCUSSION

#### a. Authority to Issue Subpoena

The Court has reviewed Super Vitaminas's application and determines that the statutory requirements have been satisfied.

First, Google is headquartered in this District and is "found" here for purposes of § 1782. *See* ECF 3 at ¶ 2 (Google is headquartered in Mountain View, California). Similarly, Microsoft is also "found" in this district for purposes of § 1782 because it maintains two offices in this District. *See* ECF 3 at ¶ 4; https://www.microsoft.com/en-us/about/officelocator (Microsoft operates corporate sales offices in Mountain View and San Francisco, California). *See also In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within Northern District for purposes of § 1782 because it maintained an office in the District); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (same); *In re Republic of Equador*, Nos. C 11-80171 CRB, C 11-80172 CRB, 2011 WL 4434816, at *2 (N.D. Cal. Sept. 23, 2011) (same).[1]

---

[1] Other districts apply a more stringent standard for determining whether a corporation is "found" in a district for purposes of § 1782. *See In re Sargeant*, No. 17MC374, 2017 WL 4512366, at *4

3

Second, this discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Section 1782 is intended to provide assistance "whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature." *Intel,* 541 U.S. at 259 (quoting S. Rep. No. 1580, at 9, U.S. Code Cong. & Admin. News 1964, pp. 3782, 3789) (emphasis omitted); *see also* 28 U.S.C. § 1782(a) (includes "criminal investigations conducted before formal accusation"). Here, the information is being sought in connection with an on-going criminal prosecution of Super Vitaminas by the Guatemalan SAT. *See* Paiz Decl., ¶ 7; Alegria Decl., ¶¶ 3-4; *see also Intel,* 541 U.S. at 258 (the types of proceedings for which discovery may be sought include "investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts").

Third, Super Vitaminas is an "interested person" because it is the subject of criminal investigations and a party to the proceedings. *See In re Ex Parte Application of Jommi,* 2013 WL 6058201, at *3 (N.D. Cal. Nov. 15, 2013) ("Petitioner is the complainant in the criminal proceeding and thus an interested person for purposes of § 1782(a)."). Therefore, all three statutory requirements are met.

### b. Discretionary Factors

The discretionary factors weigh in favor of granting the application. First, neither Google nor Microsoft is a participant in the foreign proceeding and thus "may be outside the foreign tribunal's jurisdictional reach; hence, [its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp., 542 U.S. at 264*. Therefore the first factor weighs in Super Vitaminas's favor.

With respect to the nature and receptivity of the foreign tribunal, Super Vitaminas avers that it expects that Guatemalan courts will be receptive to the information obtained by these requests. Alegria Decl. at ¶ 5; *see also In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL

---

(S.D.N.Y. Oct. 10, 2017) (adopting *Daimler AG* standard such that a corporation must have "continuous and systematic as to render [it] essentiallyat home in the forum [s]tate," in order to be found in the district under § 1782). However, the Court is unaware of any Northern District of California cases adopting this standard, and thus finds that Microsoft is found in this District.

4

7146994, at *3 (N.D. Cal. Dec. 15, 2014) (finding second discretionary factor met for purpose of §1782 where the applicant averred that the foreign tribunals "[could] be receptive" to the discovery sought). At the very least, there is no evidence suggesting that Guatemalan courts would be unreceptive to the discovery Super Vitaminas seeks. *See* Alegria Decl. at ¶ 5; *In re Ex Parte Application Varian Medical Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (finding second discretionary factor met where there was no evidence or case law suggesting the German district court would be unreceptive to the discovery sought). Accordingly, this factor also weighs in Super Vitaminas's favor.

Third, there is no evidence that the request is an attempt to circumvent foreign proof-gathering restrictions or any country's policies. Super Vitaminas asserts that there are no Guatemalan legal restrictions against seeking the discovery requested in the subpoenas. *See In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *3 (finding third discretionary factor met where there was no evidence that the request was an attempt to circumvent foreign proof-gathering restrictions and applicant represented that "no such restrictions or policies exist [ed]"). The third fact also weighs in favor of Super Vitaminas.

Fourth, the request does not appear "unduly intrusive or burdensome." The application does not seek voluminous discovery, only the correspondence between two Super Vitaminas's employees (two specific Gmail accounts) and the freight forwarder (one specific Hotmail account) during the limited time period of 2012, along with some general account subscriber information for the Hotmail account to lay the foundation for admission of the emails in the Guatemalan proceeding. Therefore the Court finds the fourth factor weighs in favor of Super Vitaminas.

### c. Stored Communications Act

It is well-established that civil subpoenas, including those issued pursuant to § 1782, are subject to the prohibitions of the Stored Communications Act ("SCA"). *See Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. C 12-80242 EJD PSG, 2013 WL 256771, at *1 (N.D. Cal. Jan. 23, 2013). The SCA provides in relevant part that "(1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18

U.S.C. § 2702(a)(1). However, exceptions exist for disclosure of communications "(1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;" or "(3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service." 18 U.S.C.A. § 2702(b).

In support of its application, Super Vitaminas submitted declarations from the two employees who used the email addresses for which it seeks communication contents, Herrera and Castro. ECF 7, 8. Both Herrera and Castro consented to the disclosure of the contents of the emails. ECF 7 at ¶ 7; ECF 8 at ¶ 7. Therefore the exception provided for disclosure applies here and disclosure of the contents of the emails would not violate the SCA. *See* 18 U.S.C.A. § 2702(b)(3).

## IV. CONCLUSION

Because the statutory requirements of 28 U.S.C. § 1782 are met, the discretionary factors weigh in favor of granting the application, and the subpoena does not violate the SCA, the subpoenas attached as Exhibits 1 and 2 to the application shall be issued by the Clerk of the Court.

Super Vitaminas shall serve Google and Microsoft with this Order and the respective subpoena, and shall file proofs of service on the day service is affected. Google and Microsoft may move to modify or quash the subpoena within 14 days of service. Any return date for the subpoena shall be at least 14 days after the date Google and Microsoft are served so that Google and Microsoft may have a reasonable amount to file any motion; the return date shall be stayed if such a motion is filed. Super Vitaminas shall file any response within 14 days of any motion by Google or Microsoft.

**SO ORDERED.**

Dated: November 20, 2017

SUSAN VAN KEULEN
United States Magistrate Judge